**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JAMES GREEN, JR.**                                                                                       **PLAINTIFF**

v.                                        **CASE NO. 5:10CV00192 BSM**

**ROBERT ROSEGRANT et al.**                                                              **DEFENDANTS**

**ORDER**

On June 30, 2010, plaintiff James Green, Jr., who is confined at the Drew County Detention Facility, filed a *pro se* 42 U.S.C. section 1983 complaint, naming as defendants, Monticello, Arkansas Chief of Police Robert Rosegrant, Monticello police lieutenant Steven Stain, and Rod Bell, a towing service operator. [Doc. No. 2]. On July 28, 2010, Green was ordered to amend his complaint by providing the names of those committing the offenses at issue, explaining how each of those persons was involved, and describing how his rights were violated. [Doc. No. 6]. Green timely filed an amended complaint on August 5, 2010. [Doc. No. 10].

**I. SCREENING**

A prisoner's complaint against a governmental entity, officer, or employee must be reviewed to identify whether it sets forth cognizable claims. The complaint must be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Although Federal Rule of Civil Procedure 8(a) requires only that the pleader provide "a short and plain statement of the claim showing that the pleader is

entitled to relief," the plaintiff must allege specific facts that establish his right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, a plaintiff cannot rest upon labels, conclusions, or formulaic recitation of the elements of a cause of action. *Id.* Section 1983 complaints filed by *pro se* prisoners, however, are "liberally construed" and "held to less stringent standards than pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. DISCUSSION

Green's initial complaint alleged that he was arrested on May 21, 2010 and his father's automobile was taken to Bell's towing company, where it is now for sale. The amended complaint adds little except to state that the car was parked on private property and that Rosegrant and Stain directed Bell to tow the car. It also suggests that Green is the owner of the automobile, although his father may be helping him pay for it.

In *Hudson v. Palmer*, the Supreme Court held that an individual deprived of personal property by a state actor does not have a section 1983 claim if state law provides an adequate post-deprivation remedy. 468 U.S. 517, 530-37 (1984). Under Arkansas law, conversion is a common-law tort action for the wrongful possession or disposition of another's property. *See McQuillan v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 247, 961 S.W.2d 729, 732 (1998). Furthermore, Rules 15.2 and 15.5 of the Arkansas Rules of Criminal Procedure authorize the filing of a motion for return of improperly seized items. *See Walden v. Carmack*, 156 F.3d 861, 874 (8th Cir. 1998). Therefore, because he has adequate state law

remedies, Green has failed to state a claim under section 1983 and his complaint must be dismissed.

### III. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Green's complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. All pending motions are denied as moot.

4. The injunction granted on July 22, 2010, is lifted.

5. The court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

IT IS HEREBY ORDERED this 16th day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE